Good morning. I'm Don Futo representing the state. Unless the court has a different preference, I'd like to first answer succinctly the questions the court posed for us. Thereafter, I'd like to summarily, or summarize basically the meat of it. And I'd like to reserve four minutes for rebuttal. We'll try to help you, but watch the clock please. Thank you. Okay, first, the first question was where the, with regard to double jeopardy and the two assault charges, were they timely raised? No. If they were untimely, should the plain error standard of review apply? No. Given the answer . . . You can't tell us why. You just gave us an answer, right? Excuse me? You told us your answer, but you can tell us why you have that answer? Okay, with respect to why the plain error review shouldn't apply, it's because everything that was factually and legally developed for those claims, it came out in the first trial. So, before the second trial, if someone is actually genuinely going to seek the protections of double jeopardy, you raise it before trial, not after trial. Further, the United States Supreme Court has said when you don't raise it before trial, you can be considered to have waived it. Moreover . . . So that means if you get acquitted at the first trial and the state wrongly tries you again for the same offense, but for whatever reason you don't raise the double jeopardy bar before the trial, you just go to prison for the rest of your life and there's nothing anyone can do about it? Is that how it works? If you're acquitted at the first trial . . . A second time for the same offense, but you fail to raise the double jeopardy bar before trial, you go through trial, you get convicted, and for the first time at that point, you say, well, wait a minute. Actually, I've already been acquitted of this offense. I can't be convicted of this. You're saying that the law is . . . you've waived forever your ability to assert double jeopardy? I'm not saying forever, Your Honor. But first, I'd like to say, if in a first trial there was actually an acquittal, I'm not really confident the attorneys in my office would then seek a second trial. But in the event they did, then I believe that there is a recourse through the appellate process in Section 1257 where you would go to the Supreme Court of the United States with that claim. But what you wouldn't do is shortcut that route and then bring it to the district court? No. As a twenty-two, I don't know what it would be. Do you see anything improper about the procedural posture that we're in, if that's what you're suggesting? No. And I don't see anything . . . there's no plain error review that would apply. The claim that's before us was squarely raised in the district court, wasn't it? It was raised in the district court, but I think the question should be, was it timely raised as the question is framed in the state court? And the answer to that is no, Your Honor. Because it needed to be raised as soon as the first trial ended and before the second trial began? Is that the state's position? Well, yes, before the second trial began, because everything that was necessary to raise the claim was present. Right, but that's what I'm saying in my hypothetical, my silly hypothetical. No, it's not silly. Go on. No, it's silly because you're right that the state would never retry the person. But in my hypothetical, the same holds true. And you said there that the person could assert the double jeopardy. No, I'm not saying could, because there's nothing that prevents them from asserting it. I just don't believe it would be a genuine assertion. And I think it's troubling for me to deal with the hypothetical, not because it's silly, it's just I just can't really not only do I not believe the attorneys in the office would countenance that situation, but I don't believe a trial judge, knowing that they got acquitted in the first trial and it typically before the same judge, wouldn't think, wait a minute, I heard an acquittal, why are we doing this again? Well, yeah, just conceptually, your position, though, would hold true in my hypothetical as well. So let's say that in this case, right, at that first trial, the trial judge's statement about the reckless manslaughter charge did, in fact, under the US Supreme Court's precedent, amount to an acquittal. Let's just say that that as a matter of law, that is the case. But the defendant missed it, went through the second trial, got convicted. And for the first time said, wait a minute, actually, I can't be convicted of this reckless manslaughter charge because in that first trial, even though I should have asserted this earlier, in that first trial, the judge actually acquitted me of it. Why can't the defendant raise that up after the second trial? That's what I don't understand. I'm not saying he can't, but the question the court posed to the parties was not with respect to reckless manslaughter, it was respect to the assaults that were never raised, never mentioned, never ruled upon. However, the petition, Mr. Deedy believes that everything necessary for the assault claims to raise both double jeopardy and abandonment flows from that utterance the court made in the first trial during the verdict settling. Are you talking about where the court said he didn't think there's any evidence to support a manslaughter anyway? Is that what you're talking about? Yes, Your Honor. Why does that apply to the assault charges? I don't think it does, but Mr. Deedy, in his petitions, he said it's a tacit ruling. Not only Mr. Deedy, but also the district court. They said that that was a tacit ruling, not just with respect to the reckless manslaughter, but also with the assaults that were never mentioned. Does it matter that the jury had been impaneled and sworn when the judge made that statement about manslaughter? Well, it matters to the extent that jeopardy had attached. Right, that's my question. Right, yeah. It was at the end of the trial. Yes, Your Honor. Is there any evidence that, notwithstanding Hawaii law, that there are two separate issues and the assault can continue, the assault trial can continue? Definitely, and certainly not under an abandonment. I've got to be real quick on this. No, you're actually, over your four minutes, you can take whatever time you wish, but you're off and far. So with respect to the abandonment, in a habeas proceeding, both Saylor and Kavanaugh, number one, they're not controlling. The Supreme Court has said it's the Supreme Court precedents, not precedents we call from another circuit. Furthermore, the Ninth Circuit has said we're not bound by these decisions from other circuits, so it just fundamentally, intuitively, would seem unfair for the Ninth Circuit to not bind itself to the other circuits, but then bind the state through abandonment, that's just not law, and it's not legal, and furthermore, on the merits, both Saylor and Kavanaugh are quite unlike this case. Both Saylor and Kavanaugh, the defendants in those had no complicity to what those two courts perceived the error to be, but in this case, in both trials, the defense agreed. The defense didn't want it to be a hard fit. Do you want to give any of your rebuttal time? It's entirely up to you, but you're down to two minutes. Two minutes. Second. Thank you, Your Honor. Good morning. Good morning. Thomas Sataki on behalf of Mr. Christopher Didi. I just really want to address this issue of waiver and forfeiture, because it's been made multiple times in multiple courts and it keeps misrepresenting the record. After the first trial, we filed a motion. He keeps saying we didn't raise it. We filed a motion before the second trial asking the court to not give the lessors in the second trial because of these issues. For the manslaughter, we specifically called it double jeopardy because of the acquittal. We didn't necessarily use those words with the assaults. Then the second trial took place. There's nothing that says you have to... Because the issue at the time was our belief was to get to the assaults, you had to go through the manslaughter. If you didn't give the manslaughter, then implicitly you can't get to this. It's a lesser included offense, right? It is a lesser included offense. That was your reasoning. That was our reasoning. The point in our motion was that the lesser instruction should not be given for the reasons of what happened in the first trial. Then the second trial took place. Apparently, his position is we have to do some interlocutory appeal before the second trial. I've not read anything that says by not doing that you waive all future challenges. During the second trial, we again objected to the assault and the manslaughter lessors for the same reason. Then the jury acquitted him of murder. Then after the second trial, we filed motions in the trial court trying to prevent, again, a third trial on assault and manslaughter for the very same reasons that we appealed to the district court here in Hawaii. Then we appealed it to the Hawaii Supreme Court. Counsel, I know you did it with respect to manslaughter. Where did you refer specifically to the assault charges? I thought that the record showed that neither side wanted them. The judge put them in, but neither side wanted the charges, either with respect to manslaughter or assault. Is that correct? That's correct. If that's correct, then is it fair to say that nobody talked about this, just the judge put them in there? It was beyond that. We objected to it. The state objected to it. We objected to it. That's abandonment in its clearest form. To be clear, though, we did file motions to preclude them. It just so happened. We filed another set of motions after the second trial. We raised it in the Hawaii Supreme Court. We raised it in the district court. We raised it every step of the way. I want to address a couple other things in here. The abandonment issue, I'm glad that that was raised in that order because I've always felt that was probably our strongest issue. That applies equally to the assaults and the manslaughter. You have the Kavanaugh case. Oh, by the way, going back to the assaults, the 11th Circuit in the Dillap case makes it clear, by not giving the instruction itself, that precludes the second trial. That's the 11th Circuit in Dillap. You've got Kavanaugh on the 8th. You've got Cornelius in the 6th. And Saylor in the 6th. But what about our circuit? Our circuit hasn't ruled directly on this abandonment issue. You know what? I hope it's because in our circuit, no prosecutor has tried to do this. When the prosecutors time and time again said that the evidence does not support this charge, when they have argued to the judge, do not give this instruction because it does not apply, when after the first trial they've said in the media they have no regrets because the evidence didn't support it, when for probably four or five years they said it doesn't apply, and only after they lose the murder case, they now try to resurrect it. I hope that's why we don't have law on this in our circuit. Is your view that the abandonment occurred during the first trial or during the second trial? Both, Your Honor. It happened in the first trial. By just the, let's put aside the reckless manslaughter, just as to the assault charges, it's because the state did not ask for an instruction on them? This is why. In the first trial, they filed an indictment that had the lessors included. They could have pursued it. They then, in their opening statement, didn't mention it at all. They put on no evidence about it. They submitted their proposed jury instructions that did not include any lessors. Then they objected to the lessors on the record. Then in their closing argument, they didn't mention it. That is complete abandonment. Then, again, there were comments made to the media about how they weren't pursuing it because it didn't apply. And then it happened all over again in the second trial. Remind me, how was the original indictment or charging instrument framed? It was murder in a second degree. Then explicitly a reckless manslaughter? Not explicitly, but under Hawaii law, it's implied that the lessors are included in the charge. So your view is that as to any lesser included offenses subsumed within the greater charge, if the state does not, I guess, what, propose at least jury instructions on them, they have been deemed to abandon them? Under this record, when you can pursue it and you don't, and you don't mention it at all in your opening, when you don't put on any evidence, when that's not your theory, when you don't submit the instruction, when you object to the instruction being given, and then that's abandonment. That all occurred at the first trial. Yes. And in theory, you could have asserted between the first and the second trial this abandonment theory, and you did not. We raised the acquittal argument and some other arguments, but not the abandonment argument. What's the effect of your failing to have anything to do with that? Nothing. Because they, nothing. And they did it all over again in the second trial. In the second trial, well, here's why it wasn't submitted, why it wasn't ripe yet, why it wasn't ripe yet after the first trial. Because he hadn't been acquitted of murder. So he had to be tried on murder again anyway, right? And so it wasn't a matter, we raised the objection to the manslaughter as an acquittal, but anyway. Then the second trial happened, right? And same thing again. No mention of it in opening. No evidence about it. No jury instruction asked for, objected to it, said that the court was right the first time. That's what the state said in not giving it. And then further, in the closing arguments, told the jury that it didn't apply. But the problem at the second trial, though, is that, of course, the instructions were given. Right. Because the state trial judge, I gather, had an independent duty of his or her own to determine whether there was enough evidence, right? So that's why if the abandonment didn't occur after the first trial, I just don't know how do you resurrect it with the second trial, because the instructions were given. And there's cases where the instructions were given and it was still abandoned, because in this case, it was given. And then in closing arguments, it was given over the state's objection. And then the state told the jury that the only charge that applies is murder, the lessors don't apply. And then there's cases that talk about when a jury doesn't pass on a charge because of the state's actions, that triggers double jeopardy. And in this case, it was because of their actions, because they told the jury they didn't apply. And then the jury hung, though. The jury hung. Eight to four. Not guilty. Unmanslaughter. Right. But that's not . . . the jury did pass on them. It just . . . there wasn't a complete verdict to end the trial. Well, I interpreted, and I respectfully, when they talked about pass, meaning to come to a judgment or a conviction or a verdict on it. You mean if there's a hung jury, that that's it? There's double jeopardy? Is that your position? No. Not at all. But if there's a hung jury because the state completely abandoned the theory, then there is. Do you lose if you don't win on the abandonment question with respect to the assault charges? Not at all. Because it was an implicit acquittal of the assaults, as well, in the first trial. And that's based on state versus HANAYO or whatever it is, is that your theory? In part, yes. I want to point this out, too. This issue on the lesser, I'm glad you brought that up, too. As to one of the points that was raised in the electronic order, assaults have always been lessors of murder. It's just that some trial judges were getting it wrong. Now, there's a good state Supreme Court case that says when a court announces a legal principle grounded in an understanding of a particular statute, it's merely expressing in definitive terms what that statute has always meant. Now, why is that important? It's important because that's what Evans was about, right? Evans was about a trial judge who erroneously applied a statute with an extra element. And then the Evans court says it doesn't matter if the court was mistaken. It's still an acquittal. So number one, if this court somehow wasn't sure in the first trial if the assaults were lessors of murder, Evans says it doesn't matter because even if it's an erroneous ruling, it's still an acquittal. But number two, this very court, this very judge in 2009 in state versus Mark gave assaults as a lesser to murder. And so we cannot now say she thought they weren't lessors of murder, and it doesn't matter anyway. I'm sorry. I just, conceptually, divorce from the facts of this case. I guess I don't understand how it could ever be true that a judge would say there is sufficient evidence to put the greater charge to the jury, but that there's not enough evidence to put the lesser charge? That just doesn't even make sense conceptually. But two things about that, and the reason why is this. Number one, like Evans said, it doesn't matter if it was a mistaken belief or mistaken ruling or erroneous ruling, and labels don't matter. But I'm not at all saying it was mistaken because it has always been, as to the lessors, you give it if there is a rational basis to acquit of the greater and convict on the lesser. The evidence didn't support that because the greater was, I mean, the greater was intentional killing of another, and the other was reckless. And she said because there wasn't any evidence to support reckless manslaughter, there wasn't a rational basis to say you could acquit of murder and convict of manslaughter. Yeah, I think we have your point. Do you have a question? All right. Thank you for your argument. Thank you both. We'll hear from the state. My time is limited. The first thing I'd like to say is, this court recently decided a case, Floyd v. Filson, it had to do with Dreyer and the waiver and forfeiture, when this court should or should not exercise discretion. Because the arguments are so fact-intensive, in ten minutes, that's another reason why this court should exercise discretion and not consider the abandonment issue. But with respect to the abandonment issue, okay, the Tenth Circuit in Whitting rejected Saylor and Kavanaugh. The Sixth Circuit in Davis recognized in light of the Richardson U.S. Supreme Court case continuing vitality of the prior Saylor case is just not there. And then also, Bruno in the Second Circuit has rejected it. Furthermore . . . Can I ask you, though, just as a general matter, again, let me just come up with silly hypotheticals. Let's say that you tried the defendant here just for the second-degree murder charge, right? And there was no . . . there's not even any discussion about the lesser-included. All you proposed to the judge was to instruct on second-degree murder. That's all the jury considered and the jury acquitted him. I assume that you would not take the position that the State could then turn around and retry him for reckless manslaughter. Ever. Okay. So why is it any different in terms of what happened in this case? Because in this case, in the first trial, there was no acquittal. It was hung. So there's nothing to preclude with respect to Jeopardy, the case from proceeding. Jeopardy continued to the second trial. And the Supreme Court has said, you're not bound in the continuing Jeopardy situation to theories or evidence that was introduced in the first trial. Thirty seconds I have remain. Okay. But then the second trial, he is acquitted of the murder charge. And they hung on everything else. Right. But at that point, why are you permitted to even pursue the lesser-included, given what you had done at the first trial? Because in the first trial, there was no Jeopardy terminating event. That's the key issue. A Jeopardy terminating event. If I could. You can answer his question. That's the key issue for the United States Supreme Court. Is there a Jeopardy terminating event? In the first trial, there was not. It was hung. And there's no construction of Evans that even remotely suggests that the theory that defendant proposes that because an instructional ruling, refusing to give an instruction on a certain offense, under Evans is an acquittal. The Supreme Court has never, ever said that. And germane to that point, in Floyd versus Filson, the circuit said. Circuit precedent cannot, quote, refine or sharpen a general principle of Supreme Court precedent into a specific legal rule that the court has not pronounced, citing Marshall versus Rogers. I think we have your point. Anything else you have? Can I have one final? No. That's it. Thank you very much. I appreciate it. Thank you very much. Thank you for your argument. The case just argued is submitted.
judges: Graber, M. Smith, Watford